**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) |  |
| BUTTONWOOD GROUP TRADING, LLC, | ) | Case No. 13 B 06894 |
|  | ) |  |
| Debtor. | ) | Honorable Eugene R. Wedoff |
|  | ) |  |
| ROBERT S. ROSENFELD, as Chapter 7 Trustee for Buttonwood Group Trading, LLC, | ) | |
|  | ) |  |
| Plaintiff, | ) | Adversary Pro. No. 15-_____ |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| DONALD LANPHERE, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**ADVERSARY COMPLAINT TO AVOID AND RECOVER PREFERENTIAL AND FRAUDULENT TRANSFERS, TO DISALLOW CLAIMS, FOR TURNOVER OF PROPERTY, AND FOR CONVERSION OF PROPERTY PURSUANT TO 11 U.S.C. SECTIONS 502(D), 542, 544, 547, 548(A) AND 550, 740 ILCS SECTIONS 160, ET SEQ., 805 ILCS SECTIONS 180/25-30, AND 180/25-35, 6 DEL. C. SECTION 18-607, AND 6 DEL C. SECTION 1301, ET SEQ.**

Robert S. Rosenfeld (the "Trustee"), not individually, but in his capacity as the Chapter 7 Trustee for Buttonwood Group Trading, LLC (the "Debtor"), by and though his undersigned attorneys, Kaye Scholer LLP, as and for his complaint against Donald Lanphere (the "Defendant"), hereby alleges as follows based on knowledge as to himself and upon information and belief as to all other matters:

**<u>INTRODUCTION</u>**

1.       This is an adversary proceeding to avoid and recover certain transfers made by the Debtor prior to the commencement of the Debtor's bankruptcy case.  The Trustee seeks the entry of a judgment against the Defendant:  (a) avoiding and recovering (pursuant to, *inter alia*, 11

U.S.C. § 550) the Transfers (as defined below) as (i) preference(s) under 11 U.S.C. § 547; (ii) fraudulent transfers under 740 ILCS § 160/6(b) and 11 U.S.C. § 544; (iii) fraudulent transfers under 6 Del. C. § 1305(b) and 11 U.S.C. § 544; (iv) actual fraudulent transfers under 11 U.S.C. § 548(a)(1)(A); (v) constructive fraudulent transfers under 11 U.S.C. § 548(a)(1)(B); (vi) actual fraudulent transfers under 740 ILCS § 160/5(a)(1) and 11 U.S.C. § 544; (vii) constructive fraudulent transfers under 740 ILCS § 160/5(a)(2) and 11 U.S.C. § 544; (viii) actual fraudulent transfers under 6 Del. C. § 1304(a)(1) and 11 U.S.C. § 544; and/or (ix) constructive fraudulent transfers under 6 Del. C. § 1304(a)(2) and 11 U.S.C. § 544; (b) declaring that certain distributions to Defendant violated the provisions of 805 ILCS §§ 180/25-30 and 180/25-35 and awarding the Trustee damages in the amount thereof; (c) declaring that certain distributions to Defendant violated the provisions of 6 Del. C. § 18-607 and awarding the Trustee damages in the amount thereof; (d) ordering the turnover of property pursuant to 11 U.S.C. § 542; (e) awarding damages for the conversion of property, (f) disallowing any claim(s) of Defendant against the Debtor (regardless of whether or not the claim(s) were assigned) pursuant to 11 U.S.C. § 502(d), unless the amount of any judgment for avoidance of the Transfers is paid in full to the Trustee, subject to the Trustee's continuing right to object to any claim on any grounds; (g) awarding the Trustee reasonable attorneys' and professionals' fees and expenses and costs of collection; and (h) granting the Trustee such other and further relief as this Court deems just and equitable.

## **PARTIES**

2.      The Trustee is the duly appointed Chapter 7 trustee for the Debtor.

3.      Defendant Donald Lanphere was a holder of membership interests in the Debtor.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 157 and 1334.  The claims alleged herein are core proceedings within the meaning of 28 U.S.C. § 157(b)(2).

5.      Venue is proper in this Court pursuant to 28 USC § 1409(a) because the Debtor's case under Chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") is pending in this district under Case No. 13 B 06894.

6.      By Internal Operating Procedure 15 of the United States District Court for the Northern District of Illinois, the District Court has referred any and all bankruptcy cases under Title 11 of the United States Code and any and all proceedings arising under Title 11 of the United States Code or arising in or related to any case under Title 11 of the United States Code to the Bankruptcy Court for initial determination.

7.      The statutory predicates for the relief requested herein are sections 502(d), 544, 547, 548(a) and 550 of the Bankruptcy Code; the Uniform Fraudulent Transfer Act, as codified in Illinois at 740 ILCS § 160, et seq., and in Delaware at 6 Del. C. § 1301, et seq.; 805 ILCS §§ 180/25-30 and 180/25-35; and 6 Del. C. § 18-607.

## BACKGROUND

8.      Prior to January 10, 2013, the Debtor was engaged in the proprietary trading of exchange traded futures and futures options contracts, equity securities, foreign exchange contracts and certain U.S. Government over-the-counter securities.

9.      The holders of membership interests in the Debtor (collectively, the "Members") were actively involved in the Debtor's business activities and participated in regular meetings concerning the Debtor's affairs.

10.     In or around December 2012, the Members of the Debtor decided to make an assignment for the benefit of creditors and selected Patrick D. Cavanaugh as Assignee.  The Assignee formally accepted the assignment on January 10, 2013.

11.     On February 22, 2013 (the "Petition Date"), an involuntary bankruptcy petition under Chapter 7 of the Bankruptcy Code was filed against the Debtor.

12.     On April 8, 2013, the Bankruptcy Court entered an order for relief under Chapter 7 of the Bankruptcy Code with respect to the Debtor.

13.     On February 28, 2013, a significant portion of the Debtor's assets were sold to Guavatech Inc. ("Guavatech").

14.     On August 10, 2013, at the first meeting of creditors under section 341 of the Bankruptcy Code (the "341 Meeting"), counsel for the United States Trustee for the Northern District of Illinois (the "United States Trustee") conducted a trustee election pursuant to section 702 of the Bankruptcy Code.

15.     Mr. Rosenfeld was elected Trustee at the 341 Meeting.  On August 14, 2013, the United States Trustee filed a *Report of Undisputed Election* providing notice of the election.  Mr. Rosenfeld accepted his appointment as Trustee on August 19, 2013.

## THE TRUSTEE'S INVESTIGATION

16.     Since his appointment, the Trustee has performed an extensive investigation of the circumstances leading up to the commencement of the Debtor's bankruptcy case.  In connection with his investigation, the Trustee retained RSR Consulting, LLC ("RSR") as his financial advisor to assist with the investigation and other matters.  As part of the investigation, the Trustee reviewed the books and records of the Debtor and identified several entities that have information relating to the Debtor and its business, including Guavatech, Newedge USA LLC, Nomura Securities International, Morgan Stanley & Co., and UBS Securities, LLC (the

"Brokerage Entities") and Lakeside Bank.  The Trustee requested extensive information from these entities and, where necessary, served subpoenas to compel the production of information and documents.

17.     Over the course of his investigation, the Trustee and RSR have reviewed the data equivalent of over 6,000 pages of information.  RSR has made an extensive analysis of the data provided to it by Guavatech and the Brokerage Entities.  RSR interviewed and corresponded with numerous third parties, including the Debtor's independent auditors, former employees and Members of the Debtor, and other parties.  RSR also analyzed the Debtor's available accounting records and approximately two years of pre and post-petition banking activity of the Debtor and the Assignee's trust account held for the Debtor.

## THE TRANSFERS

18.     On or within 90 days before the Petition Date, the Debtor made one or more transfers of an interest of the Debtor in property to or for the benefit of Defendant.  Such transfers, which are in the aggregate amount of $570.00, were made on the dates and in the amounts set forth on Exhibit A (the "90-Day Transfers").

19.     After 90 days and within one year before the Petition Date, the Debtor made one or more transfers of an interest of the Debtor in property to or for the benefit of Defendant.  Such property includes, but is not limited to, cash payments in the amount of $10,970 plus the CME Stock Shares (as defined below).  Such transfers (the "One-Year Transfers"), which are in the aggregate amount of $10,970 plus the CME Stock Shares (or the value thereof), were made on the dates and in the amounts set forth on Exhibit A.

20.     The Defendant contributed at least 1,000 shares of Chicago Mercantile Exchange stock to the Debtor on or about May 1, 2011.  On July 23, 2012, the Chicago Mercantile Exchange authorized a 5:1 stock split, which would have provided the Debtor with a total of

5,000 shares of Chicago Mercantile Exchange stock (the "CME Stock Shares"). The CME Stock Shares constitute assets of the Debtor. On or about September 30, 2012, the Debtor transferred the CME Stock Shares to the Defendant.

21.    The 90-Day Transfers and the One-Year Transfers (collectively, the "Transfers") are in the aggregate amount of $11,540 plus the CME Stock Shares (or the value thereof).

22.    The Debtor's books and records show that the transfer of the CME Stock Shares to Defendant was also recorded as a distribution of property of the Debtor that was made to or for the benefit of the Defendant on account of the Defendant's membership interest in the Debtor. Such distribution (the "Distribution") was made on the date and in the amount set forth on Exhibit A.

23.    Exhibit A reflects the Trustee's current knowledge of the Transfers made to the Defendant. During the course of this proceeding, the Trustee may learn (through discovery or otherwise) of additional Transfers made to the Defendant during the relevant periods. The Trustee intends to avoid and recover all such Transfers, whether or not they are presently reflected on Exhibit A, and the Trustee reserves the right to amend this complaint.

## CLAIMS FOR RELIEF

### Count I
### (Avoidance and Recovery of 90-Day Transfers – 11 U.S.C. §§ 547, 550)

24.    The Trustee repeats and realleges each and every allegation contained in the foregoing paragraphs 1 through 23 with the same force and effect as though fully set forth herein.

25.    Each 90-Day Transfer was a transfer of an interest of the Debtor in property.

26.    Each 90-Day Transfer was made by the Debtor to or for the benefit of Defendant.

27.    Each 90-Day Transfer was made for or on account of an antecedent debt owed by the Debtor to Defendant before such 90-Day Transfer was made.

28.    Each 90-Day Transfer was made while the Debtor was insolvent.

29.    Each 90-Day Transfer was made on or within 90 days before the Petition Date.

30.    Each 90-Day Transfer enabled the Defendant to receive more than the Defendant would have received (a) in a case filed under Chapter 7 of the Bankruptcy Code, (b) if such 90-Day Transfer had not been made, and (c) if the Defendant had received payment of its antecedent debt to the extent provided by the provisions of the Bankruptcy Code.

31.    The Defendant was the initial transferee of the 90-Day Transfers or the person for whose benefit each Transfer was made.

32.    Therefore, each of the 90-Day Transfers constitutes an avoidable preference within the meaning of 11 U.S.C. § 547, and the Trustee may recover, for the benefit of the Debtor's estate, the amount of the 90-Day Transfers, to the extent they are avoided, pursuant to 11 U.S.C. § 550.

33.    For the foregoing reasons, the Trustee is entitled to a judgment avoiding each 90-Day Transfer and recovering an amount to be determined at trial, but in no event less than $570.00, plus pre-judgment and post-judgment interest thereon at the federal statutory rate.

## Count II
### (Avoidance and Recovery of One-Year Transfers – 11 U.S.C. §§ 547, 550)

34.    The Trustee repeats and realleges each and every allegation contained in the foregoing paragraphs 1 through 33 with the same force and effect as though fully set forth herein.

35.    Each One-Year Transfer was a transfer of an interest of the Debtor in property.

36.     At all relevant times, the Defendant was an insider of the Debtor, within the meaning of 11 U.S.C. § 101(31).

37.     Each One-Year Transfer was made by the Debtor to or for the benefit of Defendant.

38.     Each One-Year Transfer was made for or on account of an antecedent debt owed by the Debtor to Defendant before such One-Year Transfer was made.

39.     Each One-Year Transfer was made while the Debtor was insolvent.

40.     Each One-Year Transfer was made on or within one year before the Petition Date.

41.     Each One-Year Transfer enabled the Defendant to receive more than the Defendant would have received (a) in a case filed under Chapter 7 of the Bankruptcy Code, (b) if such One-Year Transfer had not been made, and (c) if the Defendant had received payment of its antecedent debt to the extent provided by the provisions of the Bankruptcy Code.

42.     The Defendant was the initial transferee of the One-Year Transfers or the person for whose benefit each Transfer was made.

43.     Therefore, each of the One-Year Transfers constitutes an avoidable preference within the meaning of 11 U.S.C. § 547, and the Trustee may recover, for the benefit of the Debtor's estate, the amount of the One-Year Transfers, to the extent they are avoided, pursuant to 11 U.S.C. § 550.

44.     For the foregoing reasons, the Trustee is entitled to a judgment avoiding each One-Year Transfer and recovering an amount to be determined at trial, but in no event less than $10,970 plus the CME Stock Shares (or the current value thereof), plus pre-judgment and post-judgment interest thereon at the federal statutory rate.

## Count III

**(Avoidance and Recovery of Fraudulent Transfers Under 740 ILCS §§ 160/6(b), 160/8 and 11 U.S.C. §§ 544, 550)**

45. The Trustee repeats and realleges each and every allegation contained in the foregoing paragraphs 1 through 44 with the same force and effect as though fully set forth herein.

46. Each Transfer constituted a transfer of an interest in the Debtor's property.

47. At the time of the Transfers, the Defendant was a creditor of the Debtor whose claim arose before the Transfer was made.

48. The Defendant was an insider of the Debtor at the time of the Transfers.

49. Each Transfer was made for an antecedent debt.

50. At the time of the Transfers, the Debtor was insolvent.

51. The Defendant had reasonable cause to believe that the Debtor was insolvent.

52. The Defendant was the initial transferee of each Transfer or the person for whose benefit each Transfer was made.

53. Therefore, each Transfer constitutes an avoidable transfer within the meaning of 740 ILCS § 160/6(b) and is subject to avoidance by the Trustee pursuant to 11 U.S.C. § 544, and the Trustee may recover, for the benefit of the Debtor's estate, the amount of the Transfers, to the extent they are avoided, pursuant to 740 ILCS § 160/8 and 11 U.S.C. § 550.

54. By reason of the foregoing, the Trustee is entitled to a judgment avoiding the Transfers and recovering an amount to be determined at trial, but in no event less than $11,540, plus the CME Stock Shares (or the current value thereof), plus pre-judgment and post-judgment interest thereon at the federal statutory rate.

**<u>Count IV</u>**

**(Avoidance and Recovery of Fraudulent Transfers Under 6 Del. C. §§ 1305, 1307 and 11
U.S.C. §§ 544, 550)**

55.     The Trustee repeats and realleges each and every allegation contained in the foregoing paragraphs 1 through 54 with the same force and effect as though fully set forth herein.

56.     Each Transfer constituted a transfer of an interest in the Debtor's property.

57.     At the time of the Transfers, the Defendant was a creditor of the Debtor whose claim arose before the Transfer was made.

58.     The Defendant was an insider of the Debtor at the time of the Transfers.

59.     Each Transfer was made for an antecedent debt.

60.     At the time of the Transfers, the Debtor was insolvent.

61.     The Defendant had reasonable cause to believe that the Debtor was insolvent.

62.     The Defendant was the initial transferee of each Transfer or the person for whose benefit each Transfer was made.

63.     Therefore, each Transfer constitutes an avoidable transfer within the meaning of 6 Del. C. § 1305, and is subject to avoidance by the Trustee pursuant to 11 U.S.C. § 544, and the Trustee may recover, for the benefit of the Debtor's estate, the amount of the Transfers, to the extent they are avoided, pursuant to 6 Del. C. § 1307 and 11 U.S.C. § 550.

64.     By reason of the foregoing, the Trustee is entitled to a judgment avoiding the Transfers and recovering an amount to be determined at trial, but in no event less than $11,540, plus the CME Stock Shares (or the current value thereof), plus pre-judgment and post-judgment interest thereon at the federal statutory rate.

### Count V
### (Avoidance and Recovery of Intentional Fraudulent Transfer - 11 U.S.C. §§ 548(a)(1)(A), 550)

65.     The Trustee repeats and realleges each and every allegation contained in the foregoing paragraphs 1 through 64 with the same force and effect as though fully set forth herein.

66.     Each Transfer was a transfer of an interest of the Debtor in property.

67.     Each Transfer was made to or for the benefit of Defendant.

68.     At the time of the Transfers, the Debtor had a creditor within the meaning of 11 U.S.C. § 101(10).

69.     The Debtor made the Transfers to Defendant with actual intent to hinder, delay, or defraud any entity to which the Debtor was or became indebted on or after the date such Transfer was made.

70.     Several badges of fraud exist which support a finding that each Transfer was made with actual intent to hinder, delay or defraud the Debtor's creditors:

> a.     At the time the Debtor made the payments to the Defendant, the Defendant was an insider of the Debtor within the meaning of 11 U.S.C. § 101(31).
>
> b.     The Debtor received little or no consideration in exchange for the Transfer.
>
> c.     The Debtor was insolvent or undercapitalized when each of the Transfer(s) was made.

71.     The Defendant was the initial transferee of each Transfer or the person for whose benefit each Transfer was made.

72.     Each Transfer constitutes a fraudulent transfer that is voidable pursuant to 11 U.S.C. § 548(a)(1)(A), and the Trustee may recover, for the benefit of the Debtor's estate, the amount of the Transfers, to the extent they are avoided, pursuant to 11 U.S.C. § 550.

73.     By reason of the foregoing, the Trustee is entitled to a judgment avoiding the Transfers and recovering an amount to be determined at trial, but in no event less than $11,540, plus the CME Stock Shares (or the current value thereof), plus pre-judgment and post-judgment interest thereon at the federal statutory rate.

## <u>Count VI</u>
**(Avoidance and Recovery of Constructive Fraudulent Transfer - 11 U.S.C. §§ 548(a)(1)(B), 550)**

74.     The Trustee repeats and realleges each and every allegation contained in the foregoing paragraphs 1 through 73 with the same force and effect as though fully set forth herein.

75.     Each Transfer was a transfer of an interest of the Debtor in property.

76.     Each Transfer was made to or for the benefit of Defendant.

77.     The Debtor received less than a reasonably equivalent value in exchange for the Transfers.

78.     At the time of the Transfers, the Debtor:

a.      was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or

b.      made the Transfer(s) to or for the benefit of an insider under an employment contract and not in the ordinary course of business.

79.     The Defendant was the initial transferee of each Transfer or the person for whose benefit each Transfer was made.

80.     Each Transfer constitutes a fraudulent transfer that is voidable pursuant to 11 U.S.C. § 548(a)(1)(B), and the Trustee may recover, for the benefit of the Debtor's estate, the amount of the Transfers, to the extent they are avoided, pursuant to 11 U.S.C. § 550.

81.     By reason of the foregoing, the Trustee is entitled to a judgment avoiding the Transfers and recovering an amount to be determined at trial, but in no event less than $11,540, plus the CME Stock Shares (or the current value thereof), plus pre-judgment and post-judgment interest thereon at the federal statutory rate.

<u>**Count VII**</u>
**(Avoidance and Recovery of Intentional Fraudulent Transfer - 740 ILCS §§ 160/5(a)(1), 160/8 and 11 U.S.C. §§ 544, 550)**

82.     The Trustee repeats and realleges each and every allegation contained in the foregoing paragraphs 1 through 81 with the same force and effect as though fully set forth herein.

83.     Each Transfer was a transfer of an interest of the Debtor in property.

84.     Each Transfer was made to or for the benefit of Defendant.

85.     The Debtor made the Transfers with actual intent to hinder, delay, or defraud creditors of the Debtor.

86.     Pursuant to 740 ILCS § 160/5(b), several badges of fraud exist which support a finding that each Transfer was made with actual intent to hinder, delay or defraud the Debtors' creditors:

a.     At the time the Debtor made the payments to the Defendant, the Defendant was an insider of the Debtor within the meaning of 740 ILCS § 160/5(b)(1)

b.     The Debtor received little or no consideration in exchange for the Transfer.

c.     The Debtor was insolvent, or became insolvent shortly after, each of the Transfer(s) was made.

87.     The Defendant was the initial transferee of each Transfer or the person for whose benefit each Transfer was made.

88.     Therefore, each Transfer constitutes an avoidable transfer within the meaning of 740 ILCS § 160/5(a)(1), is subject to avoidance by the Trustee pursuant to 11 U.S.C. § 544, and the Trustee may recover, for the benefit of the Debtor's estate, the amount of the Transfers, to the extent they are avoided, pursuant to 740 ILCS § 160/8 and 11 U.S.C. § 550.

89.     By reason of the foregoing, the Trustee is entitled to a judgment avoiding the Transfers and recovering an amount to be determined at trial, but in no event less than $11,540, plus the CME Stock Shares (or the current value thereof), plus pre-judgment and post-judgment interest thereon at the federal statutory rate.

### Count VIII
**(Avoidance and Recovery of Constructive Fraudulent Transfer - 740 ILCS §§ 160/5(a)(2), 160/8 and 11 U.S.C. §§ 544, 550)**

90.     The Trustee repeats and realleges each and every allegation contained in the foregoing paragraphs 1 through 89 with the same force and effect as though fully set forth herein.

91.     Each Transfer was a transfer of an interest of the Debtor in property.

92.     Each Transfer was made to or for the benefit of Defendant.

93.     The Debtor received less than a reasonably equivalent value in exchange for the Transfers to the Defendant.

94.     At the time of each Transfer, the Debtor:

a.      was engaged or was about to engage in a business or transaction for which the Debtor's remaining assets were unreasonably small in relation to the business or transaction; or

b.      intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

95.     The Defendant was the initial transferee of each Transfer or the person for whose benefit each Transfer was made.

96.     Therefore, each Transfer constitutes an avoidable transfer within the meaning of 740 ILCS § 160/5(a)(2), and is subject to avoidance by the Trustee pursuant to 11 U.S.C. § 544, and the Trustee may recover, for the benefit of the Debtor's estate, the amount of the Transfers, to the extent they are avoided, pursuant to 740 ILCS § 160/8 and 11 U.S.C. § 550.

97.     By reason of the foregoing, the Trustee is entitled to a judgment avoiding the Transfers and recovering an amount to be determined at trial, but in no event less than $11,540, plus the CME Stock Shares (or the current value thereof), plus pre-judgment and post-judgment interest thereon at the federal statutory rate.

## Count IX
### (Avoidance and Recovery of Intentional Fraudulent Transfer – 6 Del. C. §§ 1304(a)(1), 1307 and 11 U.S.C. §§ 544, 550)

98.     The Trustee repeats and realleges each and every allegation contained in the foregoing paragraphs 1 through 97 with the same force and effect as though fully set forth herein.

99.     Each Transfer was a transfer of an interest of the Debtor in property.

100.    Each Transfer was made to or for the benefit of Defendant.

101.    The Debtor made the Transfers with actual intent to hinder, delay, or defraud creditors of the Debtor.

102.    Pursuant to 6 Del. C. § 1304(b), several badges of fraud exist which support a finding that each Transfer was made with actual intent to hinder, delay or defraud the Debtors' creditors:

    a.      At the time the Debtor made the payments to the Defendant, the Defendant was an insider of the Debtor within the meaning of 6 Del. C. § 1304(b)(1)

    b.      The Debtor received little or no consideration in exchange for the Transfer.

    c.    The Debtor was insolvent, or became insolvent shortly after, each of the Transfer(s) was made.

103.    The Defendant was the initial transferee of each Transfer or the person for whose benefit each Transfer was made.

104.    Therefore, each Transfer constitutes an avoidable transfer within the meaning of 6 Del. C. § 1304(a)(1), and is subject to avoidance by the Trustee pursuant to 11 U.S.C. § 544, and the Trustee may recover, for the benefit of the Debtor's estate, the amount of the Transfers, to the extent they are avoided, pursuant to 6 Del. C. § 1307 and 11 U.S.C. § 550.

105.    By reason of the foregoing, the Trustee is entitled to a judgment avoiding the Transfers and recovering an amount to be determined at trial, but in no event less than $11,540, plus the CME Stock Shares (or the current value thereof), plus pre-judgment and post-judgment interest thereon at the federal statutory rate.

## Count X
### (Avoidance and Recovery of Constructive Fraudulent Transfers - 6 Del. C. §§ 1304(a)(2), 1307 and 11 U.S.C. §§ 544, 550)

106.    The Trustee repeats and realleges each and every allegation contained in the foregoing paragraphs 1 through 105 with the same force and effect as though fully set forth herein.

107.    Each Transfer was a transfer of an interest of the Debtor in property.

108.    Each Transfer was made to or for the benefit of Defendant.

109.    The Debtor received less than a reasonably equivalent value in exchange for the Transfers to the Defendant.

110.    At the time of each Transfer, the Debtor:

    a.    was engaged or was about to engage in a business or transaction for which the Debtor's remaining assets were unreasonably small in relation to the business or transaction; or

b.      intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

111.    The Defendant was the initial transferee of each Transfer or the person for whose benefit each Transfer was made.

112.    Therefore, each Transfer constitutes an avoidable transfer within the meaning 6 Del. C. § 1304(a)(2), and is subject to avoidance by the Trustee pursuant to 11 U.S.C. § 544, and the Trustee may recover, for the benefit of the Debtor's estate, the amount of the Transfers, to the extent they are avoided, pursuant to 6 Del. C. § 1307 and 11 U.S.C. § 550.

113.    By reason of the foregoing, the Trustee is entitled to a judgment avoiding the Transfers and recovering an amount to be determined at trial, but in no event less than $11,540, plus the CME Stock Shares (or the current value thereof), plus pre-judgment and post-judgment interest thereon at the federal statutory rate.

## <u>Count XI</u>
### (Improper Distribution - 805 ILCS §§ 180/25-30, 180/25-35(b))

114.    The Trustee repeats and realleges each and every allegation contained in the foregoing paragraphs 1 through 113 with the same force and effect as though fully set forth herein.

115.    During all relevant times, the Debtor was a limited liability company organized under Delaware law.

116.    During all relevant times, the Debtor was a manager-managed limited liability company.

117.    The Distributions were made at a time when the Debtor was unable to pay its debts as they became due in the ordinary course of business.

118.    The Distributions were made at a time when the Debtor's total assets were less than the sum of its total liabilities plus the amount that would be needed, if the company were to

be dissolved, wound up, and terminated at the time of the distribution, to satisfy the preferential

rights upon dissolution, winding up, and termination of members whose preferential rights are

superior to those receiving the Distributions.

119.    The Distributions constitute improper and unlawful distributions pursuant to 805

ILCS § 180/25-30.

120.    The Defendant knew the Distributions were made in violation of 805 ILCS

§ 180/25-30.

121.    Pursuant to 805 ILCS § 180/25-35, the Defendant is personally liable to the

Debtor for the amount of the Distributions.

122.    For the foregoing reasons, the Trustee is entitled to a judgment awarding the

Trustee damages in the amount of the current value of the CME Stock Shares, plus pre-judgment

and post-judgment interest thereon at the federal statutory rate.

**Count XII**
**(Improper Distribution – 6 Del. C. § 18-607)**

123.    The Trustee repeats and realleges each and every allegation contained in the

foregoing paragraphs 1 through 122 with the same force and effect as though fully set forth

herein.

124.    The Distributions were made at a time when, after giving effect to the

Distributions, all liabilities of the Debtor, other than liabilities to members on account of their

membership interests and liabilities for which the recourse of creditors is limited to specified

property of the Debtor, exceeded the fair value of the assets of the Debtor.

125.    The Distributions constitute improper and unlawful distributions pursuant to 6

Del. C. § 18-607(a).

126.    The Defendant knew the Distributions were made in violation of 6 Del. C. § 18-607(a).

127.    Pursuant to 6 Del. C. § 18-607(b), the Defendant is personally liable to the Debtor for the amount of the Distributions.

128.    For the foregoing reasons, the Trustee is entitled to a judgment awarding the Trustee damages in the amount of the current value of the CME Stock Shares, plus pre-judgment and post-judgment interest thereon at the federal statutory rate.

**Count XIII**
**(Turnover -- Section 542(a))**

129.    The Trustee repeats and realleges each and every allegation contained in the foregoing paragraphs 1 through 128 with the same force and effect as though fully set forth herein.

130.    The Defendant is in possession, custody or control of the CME Stock Shares, which constitute property of the Debtor's estate.

131.    The current value of the CME Stock Shares, as of March 2, 2015 is approximately $485,500.

132.    By reason of the foregoing, the Trustee is entitled to a judgment ordering that, pursuant to section 542(a), the Defendant immediately (a) turn over to the Trustee any and all property of the estate in his possession, custody, or control, including, but not limited to, the CME Stock Shares, or (b) turn over the current value of the CME Stock Shares, in the amount of $182,062.50, and (c) to further provide an accounting of such property to the Trustee.

## Count XIV
### (Conversion)

133.   The Trustee repeats and realleges each and every allegation contained in the foregoing paragraphs 1 through 131 with the same force and effect as though fully set forth herein.

134.   Prior to the Assignment, the Defendant contributed the CME Stock Shares to the Debtor.  As a result of that contribution, the CME Stock Shares constitute property of the Debtor's estate.

135.   Prior to the Assignment, the Defendant took possession, custody, or control of the CME Stock Shares.

136.   On or about February 27, 2015, the Trustee demanded that the Defendant return the CME Stock Shares to the Trustee, but the Defendant refused and still refuses to return the CME Stock Shares.

137.   The current value of the CME Stock Shares, as of March 2, 2015 is approximately $485,500.

138.   By reason of the foregoing, the Trustee is entitled to a judgment against the Defendant in the amount of $485,500, plus pre-judgment and post-judgment interest thereon at the federal statutory rate.

## Count XV
### (Disallowance of Claims - 11 U.S.C. § 502(d))

139.   The Trustee repeats and realleges each and every allegation contained in the foregoing paragraphs 1 through 137 with the same force and effect as though fully set forth herein.

140.   The Defendant is the transferee of avoidable Transfers by the Debtor, which are recoverable from the Defendant under 11 U.S.C. § 550.

62420471                                    20

141.    Pursuant to 11 U.S.C. § 502(d), in the event that the Defendant is liable for any avoidable Transfers, any claim(s) of Defendant against the Debtor (regardless of whether or not such claim(s) were assigned) must be disallowed unless the Defendant pays the full amount of the Transfers.

142.    For the foregoing reasons, the Trustee is entitled to a judgment disallowing any claim(s) of Defendant against the Debtor.

### Count XVI
**(Attorneys' Fees and Expenses – Fed. R. Bankr. P. 7008(b))**

143.    The Trustee repeats and realleges each and every allegation contained in the foregoing paragraphs 1 through 141 with the same force and effect as though fully set forth herein.

144.    By reason of the foregoing, and pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure, the Trustee is entitled to recover the reasonable fees and expenses of his undersigned attorneys and of RSR Consulting, LLC, and the costs of collection incurred in connection with the prosecution of this adversary proceeding.

**WHEREFORE**, the Trustee respectfully requests that the Court enter judgment against the Defendant as follows:

1.      On Count I, avoiding the 90-Day Transfers as preferences under 11 U.S.C. § 547 and granting judgment in favor of the Trustee pursuant to 11 U.S.C. § 550 in the amount of not less than $570.00, plus pre-judgment and post-judgment interest at the federal statutory rate and such other and further amounts as may be proven at trial;

2.      On Count II, avoiding the One-Year Transfers as preferences under 11 U.S.C. § 547 and granting judgment in favor of the Trustee pursuant to 11 U.S.C. § 550 in the amount of not less than $10,970.00, plus the CME Stock Shares (or the current value thereof), plus pre-

judgment and post-judgment interest at the federal statutory rate and such other and further amounts as may be proven at trial;

3.      On Count III, avoiding the Transfers as fraudulent transfers under 740 ILCS § 160/6(b) and 11 U.S.C. § 544 and granting judgment in favor of the Trustee pursuant to 11 U.S.C. § 550 in the amount of not less than $11,540.00, plus the CME Stock Shares (or the current value thereof), plus pre-judgment and post-judgment interest at the federal statutory rate and such other and further amounts as may be proven at trial;

4.      On Count IV, avoiding the Transfers as fraudulent transfers under 6 Del. C. § 1305(b) and 11 U.S.C. § 544 and granting judgment in favor of the Trustee pursuant to 11 U.S.C. § 550 in the amount of not less than $11,540.00, plus the CME Stock Shares (or the current value thereof), plus pre-judgment and post-judgment interest at the federal statutory rate and such other and further amounts as may be proven at trial;

5.      On Count V, avoiding the Transfers as actual fraudulent transfers under 11 U.S.C. § 548(a)(1)(A) and granting judgment in favor of the Trustee pursuant to 11 U.S.C. § 550 in the amount of not less than $11,540.00, plus the CME Stock Shares (or the current value thereof), plus pre-judgment and post-judgment interest at the federal statutory rate and such other and further amounts as may be proven at trial;

6.      On Count VI, avoiding the Transfers as constructive fraudulent transfers under 11 U.S.C. § 548(a)(1)(B) and granting judgment in favor of the Trustee pursuant to 11 U.S.C. § 550 in the amount of not less than $11,540.00, plus the CME Stock Shares (or the current value thereof), plus pre-judgment and post-judgment interest at the federal statutory rate and such other and further amounts as may be proven at trial;

7.      On Count VII, avoiding the Transfers as actual fraudulent transfers under 740 ILCS § 160/5(a)(1) and 11 U.S.C. § 544 and granting judgment in favor of the Trustee pursuant to 11 U.S.C. § 550 in the amount of not less than $11,540.00, plus the CME Stock Shares (or the current value thereof), plus pre-judgment and post-judgment interest at the federal statutory rate and such other and further amounts as may be proven at trial;

8.      On Count VIII, avoiding the Transfers as constructive fraudulent transfers under 740 ILCS § 160/5(a)(2) and 11 U.S.C. § 544 and granting judgment in favor of the Trustee pursuant to 11 U.S.C. § 550 in the amount of not less than $11,540.00, plus the CME Stock Shares (or the current value thereof), plus pre-judgment and post-judgment interest at the federal statutory rate and such other and further amounts as may be proven at trial;

9.      On Count IX, avoiding the Transfers actual fraudulent transfers under 6 Del. C. § 1304(a)(1) and 11 U.S.C. § 544 and granting judgment in favor of the Trustee pursuant to 11 U.S.C. § 550 in the amount of not less than $11,540.00 plus the CME Stock Shares (or the current value thereof), plus pre-judgment and post-judgment interest at the federal statutory rate and such other and further amounts as may be proven at trial;

10.     On Count X, avoiding the Transfers as constructive fraudulent transfers under 6 Del. C. § 1304(a)(2) and 11 U.S.C. § 544 and granting judgment in favor of the Trustee pursuant to 11 U.S.C. § 550 in the amount of not less than $11,540.00, plus the CME Stock Shares (or the current value thereof), plus pre-judgment and post-judgment interest at the federal statutory rate and such other and further amounts as may be proven at trial;

11.     On Count XI, awarding the Trustee damages for the Distribution in an amount not less than $485,000 (the current value of the CME Stock Shares) pursuant to 805 ILCS §§

180/25-30 and 180/25-35(b), plus pre-judgment and post-judgment interest at the federal statutory rate and such other and further amounts as may be proven at trial;

12.    On Count XII, awarding the Trustee damages for the Distribution in an amount not less than $485,000 (the current value of the CME Stock Shares) pursuant to 6 Del. C. § 18-607, plus pre-judgment and post-judgment interest at the federal statutory rate and such other and further amounts as may be proven at trial;

13.    On Count XIII, ordering the Defendant to immediately turn over to the Trustee any and all property of the estate in his possession, custody, or control, including, but not limited to, the CME Stock Shares, or $485,500 (the value of such CME Stock Shares), and to further provide an accounting of such property to the Trustee;

14.    On Count XIV awarding the Trustee damages for the conversion of the CME Stock Shares in the amount of not less than $485,500;

15.    On Count XV, disallowing any claim(s) of Defendant against the Debtors (regardless of whether or not the claim(s) were assigned) pursuant to 11 U.S.C. § 502(d), unless the amount of any judgment for avoidance of the Transfers is paid in full to the Trustee;

16.    On Count XVI, awarding the Trustee the reasonable fees and expenses of his undersigned attorneys and of RSR Consulting, LLC, and the costs of collection; and

17.    Granting the Trustee such other and further relief as this Court deems just and proper.

Dated:  March 26, 2015

Respectfully submitted,

Robert S. Rosenfeld, as Chapter 7 Trustee
for Buttonwood Group Trading, LLC

By: /s/ Kathryn Schmanski
Kathryn Schmanski
KAYE SCHOLER LLP
Three First National Plaza
70 West Madison Street, Suite 4200
Chicago, IL  60602-4231

-and-

Madlyn Gleich Primoff
Neal Hampton
KAYE SCHOLER LLP
250 W. 55th Street
New York, NY  10019-9710
Telephone: (212) 836-7042
Facsimile: (212) 836-6525
Email: madlyn.primoff@kayescholer.com

*Special Litigation Counsel for Robert S. Rosenfeld,
as Chapter 7 Trustee for Buttonwood Group
Trading, LLC*

## EXHIBIT A

| Payment Number | Payment Type | Payment Clear Date | Payment Amount |
|---|---|---|---|
| 2980 | Check | 04/12/2012 | $5,230.00 |
| 3242 | Check | 08/22/2012 | $1,200.00 |
| 3282 | Check | 08/21/2012 | $2,230.00 |
| 3287 | Check | 08/22/2012 | $600.00 |
| 3354 | Check | 09/11/2012 | $570.00 |
| 3493 | Check | 10/30/2012 | $570.00 |
| 3431 | Check | 10/09/2012 | $570.00 |
| 3571 | Check | 12/17/2012 | $570.00 |
| **Shares of CME Stock** | **Distribution** | **09/30/2012** | **Unknown** |
| | | **Total:** | **$11,540.00** |